UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CIVIL ACTION

VERSUS                                   NO: 07-194

LARRY MCCRAY, JR.                        SECTION: J(1)

## ORDER AND REASONS

Before the Court is Petitioner Larry McCray. Jr.'s **Motion to Vacate under 28 U.S.C. §2255 (Rec. Doc. 42)**, seeking an order setting aside or vacating his sentence based on a conviction on three counts of a six-count indictment for federal drug and gun violations, entered pursuant to a guilty plea. After review of the motion, the memoranda of the parties, the record in this case, and the applicable law, the Court finds that Petitioner's motion should be denied for the reasons that follow.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Petitioner was charged in May of 2007 under a six-count indictment for violations of the Federal Controlled Substances Act and the Federal Gun Control Act, as well as a January 2008 a Bill of Information establishing a prior felony drug conviction.

On February 6, 2008, Petitioner signed a plea agreement and factual basis[1] and pled guilty to counts 4 (possession with

---

[1] The factual basis signed and admitted by Petitioner indicates that Petitioner had in his possession and in his residence various quantities of cocaine, heroin, marijuana, and

intent to distribute five or more grams of crack cocaine), 5 (possession of a firearm by a felon), and 6 (use of a firearm in a trafficking crime) of the indictment. Count 4 of the indictment carried a mandatory minimum sentence of ten years, and count 6 carried a mandatory minimum consecutive sentence of five years, both of which Petitioner indicated he understood at the plea hearing. The plea agreement contained the usual waivers of appeal and post-conviction collateral challenges. Petitioner was sentenced on August 7, 2008, to a total of 180 months (i.e. the mandatory minimum 120 months on count 4 and 60 consecutive months on count 6).

**THE PARTIES' ARGUMENTS**

Petitioner raises four specific grounds in support of his §2255 motion, all generally related to his broad claim of ineffective assistance of counsel. First, Petitioner claims that his counsel ignored his requests to enter a plea at an earlier date (on or about June 6, 2008). Second, Petitioner contends that his counsel never informed him that he was subject to a mandatory minimum of ten years under count 4, never disclosed a copy of the Notice of Enhancement, and never objected to the enhancement by challenging the prior conviction. Third,

---

crack as well as several firearms and several hundred dollars in cash. As noted above, however, Petitioner only pled guilty to the crack and weapons charges in the six-count indictment.

Petitioner claims that counsel failed to file a motion for discovery regarding a lab report identifying the substances that formed the bases of the charges against him.  Finally, Petitioner asserts that his counsel failed to take a timely appeal and preserve the record for an appeal.

In opposition, the Government initially points out that Petitioner waived his right to seek relief under §2255, both when he signed the plea agreement, again when he plead guilty at the oral hearing and was instructed by the Court that he was waiving his appeal and collateral attack rights, and finally a third time at his sentencing hearing.  The Government does concede that one of the exceptions to the appeal and collateral attack waiver in Petitioner's plea agreement, provided both in the agreement itself and as a matter of Fifth Circuit law, is a collateral attack based on ineffective assistance of counsel.  However, the Government also points out that this exception is limited solely to situations in which the claimed ineffective assistance directly affected the validity of the plea waiver itself.  United States v. White, 307 F.3d 336, 343 (5th Cir. 2002).  If the plea or waiver itself was knowing and voluntary and if the issue raised may properly be the subject of a waiver, "then the guilty plea sustains the conviction and sentence and the waiver can be enforced."  Id. at 343-44.

The Government argues that Petitioner's guilty plea and

waiver of rights were both knowing and voluntary, as evidenced by the transcript of the rearraignment hearing during which the Court explained the various rights Petitioner was giving up, including his right to appeal his conviction or sentence, and also explained the application of the mandatory minimum sentences applicable to the charges against him.  Furthermore, the Government notes that Petitioner has not alleged that he was coerced or threatened into pleading guilty and waiving his rights.  Additionally, Petitioner also stated in open court during the rearraignment proceedings that he was pleading guilty of his own free will.  In sum, the Government contends that Petitioner *does not challenge the validity of his waiver of appellate and collateral challenges.*  As the Fifth Circuit has held, when a defendant "claims ineffective assistance of counsel, but . . . does not claim that the waiver in his plea agreement was unknowing or involuntary . . . [a court] will hold him to his word" in the waiver.  As such, the Government argues that Petitioner's motion should be denied under the waiver provisions in his plea agreement.

Additionally, the Government argues that Petitioner has failed to bear his burden of proof on his claims of ineffective assistance of counsel under the two-part deficiency/prejudice framework provided in Strickland v. Washington, 466 U.S. 668 (1984).  First, and generally speaking, the Government contends

that Petitioner has failed to show that, absent the alleged deficient actions of counsel, he *would not have pled guilty*. Thus, the Government argues that Petitioner has not met the prejudice requirement for a showing of ineffective assistance.

As for Petitioner's burden of showing deficient representation by counsel, the Government refutes each specific ground on which Petitioner's claims are based. First, as for counsel's alleged failure to honor Petitioner's earlier request for a plea,[2] the Government argues that Petitioner's allegations are conclusory and do not show how any such error could have prejudiced him. Further, the Government notes that Petitioner has not alleged that this supposed error affected his decision to plead. Likewise, regardless of when he entered his plea, Petitioner would face the same mandatory minimum sentence.

Second, as to Petitioner's claims regarding counsel's handling of his sentencing enhancement, the Government argues that *even if counsel did not discuss* the mandatory minimum sentence enhancement based on his prior conviction, this error did not prejudice Petitioner. Specifically, the Government notes

---

[2] The Government notes that Petitioner's motion indicates that he requested to plead earlier than the February 6, 2008 rearraignment, on or around June 6, *2008*. The Government points out that this date is actually four months *later* than the February 6, 2008 plea date, and suggests that Petitioner intended to allege that he requested an earlier plea in June of 2007. Regardless of this apparent typo, the Government maintains the same reasons for denying the motion in either case.

5

that the Court specifically informed Petitioner about the mandatory minimum sentence, asked Petitioner if he understood the mandatory nature of the sentence, and finally asked Petitioner if he was voluntarily pleading to the Bill of Information establishing his prior conviction.  Petitioner affirmatively responded to the Court's inquiries on these matters. Furthermore, the Government notes that Petitioner's prior conviction established in the Bill of Information was entered on October 17, 2000, more than seven years prior to the January 18, 2008 filing of the Bill of Information in this case.  Thus, under 21 U.S.C. §851(e), which precludes validity challenges as to any prior convictions dated five years prior to the bill of information establishing the convictions, Petitioner could not have challenged the validity of that conviction *even if he had not admitted to it*.

As for the claims regarding the lab report, the Government notes that Petitioner has not indicated in any way how this alleged error prejudiced him.  Further, the Government notes that Petitioner signed the factual basis and plea agreement indicating his possession with intent to distribute crack, which necessarily admits that the substance at issue was in fact crack.

Finally, as to the claims based on counsel's alleged failure to file a timely appeal, the Government notes again that Petitioner validly waived his appellate rights.  Further, the

Government points out that Petitioner has neither alleged nor presented any evidence that he asked his counsel to file an appeal, thus precluding any argument based on United States v. Tapp, 491 F.3d 263, 266 (5th Cir.).

## DISCUSSION

**A.  Waiver of Appeal and Post-Conviction Rights**

A defendant may waive his right to direct appeal and collateral attack of a conviction and sentence by means of a plea agreement, so long as the waiver is both knowing and voluntary. See e.g. United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005) (holding that a "knowing and voluntary" standard applies to a waiver of appeal); United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005) ("We apply normal principles of contact interpretation when construing plea agreements."); United States v. White, 307 F.3d 336, 343 (5th Cir. 2002).  A defendant knowingly enters a waiver when "the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances-even though the defendant may not know the specific detailed consequences of invoking it." Ruiz, 536 U.S. at 630.  When a petition does not allege, and the record contains no indication that ratification of the plea agreement was not "voluntary" or knowledgeable, the Court will hold the defendant to the bargain that he made - the Court need not presume that the

7

waiver was ineffective.  See White, 307 F.3d at 343; Bond, 414 F.3d at 544 (citing McKinney, 406 F.3d at 746).  Furthermore, "when the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal." United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994); McKinney, 406 F.3d at 746; Bond, 414 F.3d at 544.  As the Supreme Court has stated,"[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Likewise guilty pleas must be "voluntary," with their attendant waivers made "'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'" Ruiz, 536 U.S. at 629; (quoting Brady v. United States, 397 U.S. 742, 748 (1970).  A plea qualifies as intelligent when the criminal defendant enters it after receiving "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." Bousley v. United States, 523 U.S. at 614, 628 (1998). In determining whether a plea is intelligent, "the critical issue is whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he

understood their technical legal effect." Taylor v. Whitney, 933 F.2d 325, 329 (5th Cir. 1991).

The Supreme Court's decision in Boykin v. Alabama, 395 U.S. 238 (1969), requires a hearing prior to entry of a guilty plea at which a court must elicit an affirmative showing that the decision to plead guilty was voluntarily and intelligently made. Matthew v. Johnson, 201 F.3d 353, 368 n. 22 (5th Cir.2000). Rule 11 of the Federal Rules of Criminal Procedure provides procedural safeguards for assuring that guilty pleas are entered voluntarily and knowingly by requiring "a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." United States v. Vonn, 535 U.S. 55, 62 (2002). "The very premise of the required Rule 11 colloquy is that, even if counsel is present, the defendant may not adequately understand the rights set forth in the Rule unless the judge explains them." Id. at 78 (Stevens, J., concurring). However, a determination of whether a defendant understands the consequences of his guilty plea, including the waiver of his right to appeal, does not require a trial court to determine that the defendant has a perfect understanding of the consequences; the court must only ascertain whether the defendant has a realistic or reasonable understanding of his or her plea. See United States v. Gracia, 983 F.2d 625, 627-28 (5th Cir.1993)

9

(recognizing that one of the core concerns behind Rule 11 is "a realistic understanding of the consequences of a guilty plea"). Compliance with the admonishments required under Fed. R. Crim. P. 11 provides "prophylactic protection for the constitutional rights involved in the entry of a guilty plea." Id. at 627.

**B.   Waiver and Ineffective Assistance of Counsel**

Even if a defendant waives his right to appeal and collaterally attack his plea and sentence, he can avoid those waivers based on ineffective assistance of counsel on a showing that "the claimed assistance directly affected the validity of that waiver or the plea itself." White, 307 F.3d at 343. As such, "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." United States v. White, 307 F.3d 336, 343 (5th Cir. 2002). Thus, when a defendant who has plead guilty and waived his post-conviction challenge and appellate rights "claims ineffective assistance of counsel, but he does not claim that the waiver in his plea agreement was unknowing or involuntary . . . [courts] will . . . hold him to his word and affirm" the validity of the waiver. Id. at 344.

In this case, Petitioner has not alleged with any specificity or clarity how the various instances of alleged ineffective assistance of counsel affected the knowingness or

voluntariness *of his appeal and post-conviction relief waiver*.  A defendant who pleads guilty and waives his post-conviction rights must know that he had "a right to appeal his sentence and that he was giving up that right." <u>United States v. Portillo</u>, 18 F.3d 290, 292 (5th Cir. 1994) (internal citations omitted).  As such, it is the district court's responsibility "to insure that the defendant fully understands [his] right to appeal and the consequences of waiving that right." <u>United States v. Gonzales</u>, 259 F.3d 355, 357 (5th Cir.2001) (internal quotations omitted).  However, "if a petitioner cannot establish that ineffective assistance of counsel rendered his plea unknowing or involuntary, then his waiver bars him from challenging other stages of the proceedings against him." <u>United States v. James</u>,  2007 WL 2323385, *6 (E.D. La. Aug. 10, 2007).  In this case, the record itself reveals two instances - namely the plea agreement and the rearraignment colloquy- in which Petitioner was informed of and acknowledged that he was waiving his rights to appellate and post-conviction relief.[3]  As the Supreme Court has stated,

---

[3] See Plea Agreement, Rec. Doc. 35, p.2.  See also Rearraignment Transcript, Rec. Doc. 48, pp. 15-16:

> THE COURT: The second to last paragraph from the bottom of Page 2, I want to make sure you understand this, it says, "Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal his conviction or his sentence on any ground," and then at the end there is an exception being if

11

"[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Thus, Petitioner clearly knew that he had rights to post-conviction proceedings, and he also knew that he was giving up those rights. Furthermore, Petitioner's allegations in his §2255 motion do not in any way indicate or even suggest any actions of counsel that affected his *decision to plead and waive his rights*. In fact, Petitioner's motion specifically refers to alleged inadequacies of counsel "**during the sentencing hearing**." Rec. Doc. 42-2, p.2. A knowing and voluntary waiver of appeal, however, also bars claims of ineffective assistance of counsel at sentencing. See White, 307 F.3d at 343. The only aspect of Petitioner's motion that implicates any actions of counsel related to his underlying decision to plead guilty concerns counsel's allegedly improper failure to request a copy of the "sentence enhancement" prior to the rearraignment hearing. Additionally, Petitioner claims that his counsel was ineffective

---

somehow I would sentence to you a sentence in excess of the statutory maximum, then, of course, you would have the right to appeal that, but other than for that reason -- and you also reserve the right to bring what's called a post conviction claim for ineffective assistance of counsel, but other than those reasons, you are waiving or giving up any right to appeal your conviction or your sentence. Do you understand that?

THE DEFENDANT: Yes, sir.

during the plea colloquy when the Court "wholly and entirely fail[ed]" to address the requirements of 21 U.S.C. §851(b) and by failing to address the issue of his prior convictions. This allegation is somewhat confusing, as the Court *did* in fact detail the issue of Petitioner's prior convictions at the plea hearing *at two separate points* during the hearing.[4] Regardless, this allegation is not specific, and is merely conclusory if not patently incorrect. As such, Petitioner has failed to adequately support his claims of ineffective assistance of counsel in such a way as to invalidate the waiver of appeal and post-conviction rights in his plea agreement. See, e.g., United States v.

---

[4] See Rec. Doc. 48, p.3 & 8-9:

THE COURT: All right. There is also a Bill of Information filed against you, which establishes prior conviction, and it's my understanding that you've also agreed to admit or plead guilty to that Bill of Information; is that accurate?

THE DEFENDANT: Yes, sir.

\*\*\*

THE COURT: There is also a Bill of Information which establishes prior convictions alleging that on or about October 17, 2000, in Saint Helena Parish Criminal Court you pled guilty to and were convicted of two counts of distribution of controlled substances and were sentenced to 5 years imprisonment on each count with the Louisiana Department of Corrections, which was to be served concurrently with a manslaughter sentence previously imposed in Saint Helena Parish. Do you admit and plead guilty to Count 1 of the Bill of Information also?

THE DEFENDANT: Yes, sir.

Flores, 135 F.3d 1000, 1002 (5th Cir. 1998) (affirming district court's dismissal of §2255 motion based on allegations that were "fatally conclusory and without merit").

Additionally, even if Petitioner were not barred from seeking relief under §2255 based on his plea agreement, his claims would still fail under the Strickland test. In a § 2255 petition alleging ineffective assistance of counsel, the petitioner bears the burden of proof. See Gochicoa v. Johnson, 238 F.3d 278, 285 (5th Cir. 2000). To establish a claim of constitutionally ineffective assistance of counsel, a petitioner must show both (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687-96 (1984). A petitioner must meet both prongs of the Strickland test to succeed. See id. at 687. On the first prong, the Court applies a highly deferential standard to the examination of counsel's performance. See id. On the second prejudice prong, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. If a petitioner fails to establish either deficient

performance or actual prejudice, the Court may dispose of the claim without addressing the other prong. See id. at 697. Petitioner's claims fail in various ways both the deficiency and prejudice prongs of the Strickland test.

The first basis for Petitioner's ineffective assistance of counsel claim, namely counsel's alleged failure to heed Petitioner's wish to plead *earlier* than he did, is purely a matter of counsel's discretion. "Because of the difficulties inherent in making the [Strickland]evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689. Thus, counsel's alleged failure to allow Petitioner to enter an earlier plea does not meet the deficiency prong. Further, it is unclear how waiting to enter a plea agreement in the present case in any way affected the outcome of Petitioner's case, especially in light of the fact that, regardless of the timing of his plea, Petitioner was facing at the very least the 180 month sentence that he received. Thus, this ground also fails the prejudice prong of Strickland.

Petitioner's second ground for ineffective assistance, namely counsel's failure to adequately address the issues of his

15

prior convictions and their relationship to his sentence, likewise fails to meet the deficiency prong of Strickland. Counsel *did* in fact address, albeit indirectly, the applicability of the §851(b) enhancement at Petitioner's sentencing,[5] and thus Petitioner's assertions are simply not supported by the record. Additionally, even if counsel did in fact fail to address the prior conviction enhancement as Petitioner alleges, the failure was not prejudicial under Strickland. Specifically, the plea agreement signed by Petitioner specifically addresses the mandatory minimum associated with his prior conviction. Furthermore, the Court specifically addressed this issue during the rearraignment colloquy. Thus, even if counsel did not address the sentencing implications of Petitioner's prior conviction – which, again, is belied by the record - Petitioner was not prejudiced because he was advised of those implications in his plea agreement and by the Court, and explicitly stated that he understood.

As for counsel's alleged failure to request discovery of a

---

[5] See Rec. Doc. 49, p.4:

MR. SCHWABE: [Petitioner] understands that the Court is bound by the mandatory minimums in this case. Even though the guidelines are somewhere in the neighborhood of 57 to 71 months, he understands that his minimum sentence, in essence, for that first count is 120 months and that the last count requires 60 months to run consecutive, and those are mandatory minimum sentences.

lab report, Petitioner has failed to show how this alleged deficiency caused any prejudice. First, with respect to the lab report, Petitioner does not support his claim with anything other than a conclusory allegation that counsel failed to request a copy of the report. Nonetheless, the only possible relevance such a report might have would be as a defense to either the nature or quantity of drugs for which Petitioner was being charged. However, any such results would be irrelevant in this matter *because Petitioner signed a factual basis admitting possession of specific drugs in specific amounts*. See Rec. Doc. 34. Thus, any failure by counsel in not requesting the report was non-prejudicial, as Petitioner admitted to the nature and quantity of the charged substances in the context of his voluntary and knowledgeable plea agreement.

Finally, as for Petitioner's claims that counsel failed to file a timely notice of appeal, the Court reiterates that Petitioner entered a valid waiver of his right to appeal and post-conviction relief. Furthermore, the Court finds that Petitioner has not sufficiently stated any grounds for relief under the Supreme Court's decision in Roe v. Flores Ortega, 528 U.S. 470 (2000), or the Fifth Circuit's decision in United States v. Tapp, 491 F.3d 363, 266 (5th Cir. 2007). The only mention of any appeal issues in Petitioner's motion are two conclusory sentences alleging that "[counsel] failed to preserve or perfect

17

the record for appeal," and "failed to file a timely Notice of Appeal." Rec. Doc. 42. These conclusory allegations, unsupported by any further argument, much less facts, do not adequately state any ground for relief under § 2255. Furthermore, Petitioner does not even allege that he actually asked or instructed counsel to file an appeal.

Finally, the Fifth Circuit's decision in <u>United States v. Casarez</u>, 2008 WL 5381482, *1 (5th Cir. Dec. 23, 2008), forecloses Plaintiff's cursory claims on this point. The defendant in <u>Casarez</u> appealed the district court's denial of his §2255 motion based on ineffective assistance of counsel, which alleged that counsel failed to consult with defendant regarding an appeal after his guilty plea. <u>Id</u>. The Fifth Circuit affirmed the district court, despite the fact that the defendant "repeatedly asked counsel prior to sentencing about the possibility of appealing the result of his case . . . informed counsel immediately following the sentencing hearing that he was dissatisfied with his sentence, and . . . tried to call counsel multiple times within 10 days after the sentencing hearing." <u>Id</u>. Citing <u>Flores-Ortega</u>, The Fifth Circuit held that "[t]he district court advised [the defendant] of his right to appeal and the time in which to file an appeal . . . [but defendant] did not express to counsel any interest in appealing the sentence either . . . after the sentencing hearing or when [he] called counsel's

18

office . . . [and thus] did not reasonably demonstrate to counsel that he was interested in appealing." Id.  If the facts of Casarez did not constitute ineffective assistance of counsel, then the conclusory and imprecise allegations of Petitioner's present motion also cannot support a claim of ineffective assistance.  As such, Petitioner's motion based on counsel's allege failure to file an appeal is unavailing.  Accordingly,

**IT IS ORDERED** that Petitioner's **Motion to Vacate under 28 U.S.C. §2255 (Rec. Doc. 42)** is hereby **DENIED WITH PREJUDICE.**

New Orleans, Louisiana, this 12th day of May, 2009.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE